**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MANUEL RAX TEC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 3:25-cv-521 |
| | ) Judge Stephanie L. Haines |
| LEONARD ODDO, *in his official capacity as* | ) Magistrate Judge Peter E. Ormsby |
| *Warden of the Moshannon Valley Processing* | ) |
| *Center, et al.,* | ) |
| | ) |
| Respondents. | ) |

## <u>MEMORANDUM ORDER</u>

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Manuel Rax Tec ("Petitioner") (ECF No. 1). Petitioner is detained by Immigration and Customs Enforcement ("ICE") and challenges the constitutionality of his detention. Petitioner has been in custody since September 8, 2025, and requests various forms of relief including release, protection from re-detainment, a pre-deprivation bond hearing. This matter was referred to Magistrate Judge Peter E. Ormsby for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On July 8, 2026, Magistrate Judge Ormsby filed a Report and Recommendation (ECF No. 12) recommending that the Petition (ECF No. 1) be granted and Petitioner should be released under the terms of an Immigration Judge's February 28, 2024, order granting release on bond. ECF No. 12, p. 1. Judge Ormsby said the Petition should be denied to the extent that it seeks other relief. ECF No. 12, p. 1. The Parties were advised they could file objections to the Report and Recommendation within fourteen days. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil

1

Rule 72.D.2. Respondents filed timely Objections (ECF No. 13) on July 21, 2026,[1] and Petitioner filed a Response to the Objections (ECF No. 14) on July 22, 2026.[2]

Upon review of the record and the Report and Recommendation (ECF No. 12) pursuant to Local Civil Rule 72.D.2, the Court will accept in part the findings and recommendations of Magistrate Judge Ormsby in this matter. Judge Ormsby correctly found that Petitioner is entitled to relief. Judge Ormsby relying on *Moradel v. Noem*, 817 F. Supp. 3d 297, 302 (W.D. Pa. 2025) and *G.R.R.C. v. Wolford*, No. 3:26-cv-217, Order at ECF No. 15 (W.D. Pa. Mar. 11, 2026) determined that release instead of a bond hearing was appropriate because Petitioner had already received a hearing and was released on bond on February 28, 2024. However, the cases relied upon are distinguished from this case in that the length of time between the initial bond hearing and the granting of the Petition was short so that circumstances likely had not changed and a bond hearing would bear the same outcome. In *G.R.R.C.* there was seven months between the first bond hearing and the granting of the Petition for release and in *Moradel* there was a difference of three months between hearing and Petition. In this case, the last bond hearing was conducted on February 28, 2024, *two-and-a-half years* prior to the instant case. This Court finds that given the great amount of time that has passed since the last bond hearing, a new bond hearing is warranted in this case.

Accordingly, the following order is entered:

---

[1] Respondents' Objections (ECF No. 13) argued that Petitioner was not entitled to a bond hearing under *Matter of Jonathan Javier Yajure Hurtado*, 29 I&N 216 (BIA 2025). This argument is misplaced as the Report and Recommendation recommended *release*, not a bond hearing. Thus, this Court gives Respondents' Objections no weight. As a matter of due diligence, the Court further states that Petitioner has been present in the United States since 2019 and, thus, is not properly considered detained under 8 U.S.C. § 1225(b). *See Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), *vacated as moot*, ECF No. 22 (Dec. 17, 2025) ("[T]he Court stresses that the general legal conclusions in the Court's Opinion at ECF No. 16 regarding the application of §§ 1225 and 1226 remain unchanged by this Memorandum Order.")

[2] Petitioner's Response (ECF No. 14) notes Respondents error in their Objections and argue that Petitioner has already received a bond hearing, thus, Magistrate Judge Ormsby's recommendation for release is appropriate.

## ORDER

AND NOW, this 11th day of August, 2026, IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) hereby is GRANTED. Respondents are directed to provide Petitioner with the statutory process required under 8 U.S.C. § 1226(a), which includes a bond hearing before a neutral immigration judge within thirty (30) days of this Order; and,

IT IS FURTHER ORDERED that the bond hearing shall include an individualized determination of whether Petitioner poses a danger to the community or a flight risk under the ordinary § 1226(a) framework. The immigration judge shall state the reasons for the custody determination orally on the record or in writing. If bond is denied, the immigration judge shall identify the principal facts and evidence relied upon in determining that Petitioner poses a danger to the community, a flight risk, or both. Nothing in this Order requires the immigration judge to reach any particular custody determination; and,

IT IS FURTHER ORDERED that if Petitioner is not provided with a bond hearing by the timeframe specified, or if the immigration judge declines to conduct a bond hearing based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) or related grounds that this Court has rejected, the writ shall issue and Respondents shall immediately release Petitioner from custody; and,

IT IS FURTHER ORDERED that Magistrate Judge Ormsby's Report and Recommendation (ECF No. 12) is adopted in part as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction (ECF No. 2) is denied as moot; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.


Stephanie L. Haines
United States District Judge